UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID C. LETTIERI,

                Plaintiff,

v.                                        3:24-CV-0102 (GTS/ML)

DAVID GASKA, in their Individual and Official Capacity;
KAREN MATSON, in their Individual and Official Capacity;
BROOME COUNTY HUMANE SOCIETY, in their Official
Capacity, and DEPARTMENT OF JUSTICE, in their
Official Capacity,

                Defendants.
_____

APPEARANCES:

DAVID C. LETTIERI
  Plaintiff, *Pro Se*
Niagara County Jail
5526 Niagara Street Exd
Lockport, New York 14094

GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by David C. Lettieri ("Plaintiff") against David Gaska, Karen Matson, the Broome County Humane Society, and the Department of Justice, ("Defendants"), are (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that (a) Plaintiff's action be dismissed without prejudice unless, within thirty days of the date of an order to do so, Plaintiff pays the Court's filing and administrative fee of $405.00, and (b) Plaintiff's letter-motion for the return of his dog be denied without prejudice, (2) Plaintiff's Objections to the Report-Recommendation, and (3)

Plaintiff's Amended Complaint. (Dkt. Nos. 4, 6, 8, 9.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 6.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only two brief points.

First, even when construed liberally, Plaintiff's Objections fail to contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation. (*See generally* Dkt. No. 8.) As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review,[1] which they easily survive for the reasons stated in the Report-Recommendation. In the alternative, the Court finds those portions of the Report-Recommendation survive a *de novo* review.

Second, the Court finds the Report-Recommendation survives a *de novo* review even if the Court were to apply the Report-Recommendation's findings of fact and conclusions of law to Plaintiff's Amended Complaint rather than to his original Complaint. The Court notes that, out

---

[1] When no specific challenge is made to a magistrate judge's report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

of special solicitude to Plaintiff as a *pro se* civil rights litigant, the Court shall consider his Amended Complaint as having been properly filed, even though some district courts in the Second Circuit disagree regarding that conclusion.[2]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 9) **shall be DISMISSED without prejudice** and without further of the Court, unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff pays the Court's filing and administrative fee of $405.00; and it is further

**ORDERED** that Plaintiff's letter-motion for the return of his dog (Dkt. No. 4) is **DENIED** without prejudice.

Dated: June 25, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[2] Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after serving it ...." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Here, Plaintiff never served his Complaint. (*See generally* Docket Sheet.) Under the circumstances, some courts disagree regarding whether he was within the 21-day window in which he could properly file an Amended Complaint as a matter of course. *Compare Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within ... 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.") *with Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never commenced.").