## *UNITED STATES DISTRICT COURT*
### *NORTHERN DISTRICT OF NEW YORK*


## <u>JUDGMENT IN A CIVIL CASE</u>

**David C. Lettieri**
        Plaintiff

        vs.                                    **CASE NUMBER: 3:24-cv-102 (GTS/ML)**

**David Gaska, Karen Maston,
Broome County Humane Society,
Department of Justice, Diane Withers,
Broome County Sheriff's, Benjamin Harting,
Leon Brown, Broome County Sheriff Doe #1,
Broome County Sheriff Doe #2,
Broome County Sheriff Doe # 3,
Broome County Sheriff Doe #4,
Broome County Sheriff Doe #5,
Paul Bonanno, Meagan A. Tokaish,
Federal Bureau of Investigation, Randall E. Garver,
Michael Hockwater, Eric Schidmet, Jenalle Briegueal,
FBI Agent #1, FBI Agent #2, FBI Agent #3,
FBI Agent #4, FBI Agent #5, FBI Agent #6,
New York State Troopers, New York State
Trooper Doe #1,  Town of Colesville,
Paul Powell, Joel L. Daniels, Wyoming County
Sheriffs, Bradley McGunnis, Broome County,
Broome County District Attorney's Office,
Miroslav Lovric, and Lawrence Joseph Vilardo**
                Defendants


**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that pursuant to the Decision and Order issued on August 19, 2025 (Dkt. No. 63) by the Honorable Glenn T. Suddaby, Plaintiff's claims against Defendants Department of Justice, Federal Bureau of Investigation, New York State Troopers, and Powell are DISMISSED without prejudice for lack of subject- matter jurisdiction and without leave to amend in this action.

IT IS FURTHER ORDERED that pursuant to the #106 Text Order issued on April 27, 2026 by the Honorable Glenn T. Suddaby, the #102 U.S. Magistrate Judge Miroslav Lovric's Report-Recommendation is accepted and adopted in its entirety, and DISMISSING without leave to amend Plaintiff's Third Amended Complaint (Dkt. No. 69).  Because Plaintiff's profane Objections (even when liberally construed) fail to assert a specific challenge to any portion of the Report-Recommendation, the Court needs to subject the Report-Recommendation to only a clear error

review.  (See generally Dkt. No. 104.)  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Id.; see also Batista v. Walker, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).  Here, after carefully considering the matter, the Court finds no clear error in the thorough and well-reasoned Report-Recommendation.  (Dkt. No. 102.)  To those reasons, the Court adds only three brief points.  First, the Court would find that the Report-Recommendation survives even the heightened scrutiny appropriate on a de novo review of a specially challenged Report-Recommendation, for the reasons stated therein.  (Id.)  Second, the Report-Recommendation rendered several findings based on alternative grounds; and the Court accepts each of those alternative grounds, also for the reasons stated therein. (Id. at 6, 9, 15.)  Third, Magistrate Judge Lovric's recommended dismissal of Plaintiff's claims for injunctive relief against Defendants Department of Justice, Federal Bureau of Investigation, New York State Troopers, and Powell was based on a threshold ground independent from the doctrine of Eleventh Amendment immunity; and his recommended dismissal of Plaintiff's claims against two federal judges was also based on proper grounds.  (Id. at 6, 17-18.)  The Clerk of Court is directed to terminate Dkt. Nos. 103 and 105, and close this action.  The Court certifies that an appeal from this Text Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

All of the above pursuant to the orders of the Honorable **Glenn T. Suddaby**, dated August 19, 2025 and April 27, 2026.

DATED: April 27, 2026

Clerk of Court

_____
Rose Pieklik
Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

**(a) Appeal in a Civil Case.**

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.